IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-03-01248-PHX-SRB |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | (Competency and Admission) |
| | ) | |
| Michael Neil James, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE

Defendant Michael Neil James came before the Court on a Petition for Supervised Release Violation filed on June 15, 2018 (Doc. 112). On February 26, 2019, Defendant had his Initial Appearance and set an Admit/Deny Hearing for March 19, 2019. Defense counsel moved to vacate the Admit Deny Hearing stating that Defendant "displayed symptoms to undersigned counsel that form a basis to conclude that there exists a preponderance of evidence that he is suffering from a mental health disease and is not presently competent to undergo court proceedings." (Doc. 121.) The Court granted that request and Ordered that Defendant be evaluated by Dr. John Walker (Doc. 123).

This Court on May 22, 2019, held a Status Hearing re: Competency and Admit/Deny Hearing (Doc. 136). The parties stipulated to the findings in the competency evaluation and submitted the issue of Defendant's competency based on Dr. Walker report. Defendant waived in open court his right to a competency hearing and his right to testify at the

competency hearing.  Defendant proceeded to enter an admission to allegation C in the Petition.

Based upon the parties' submission, and a review of the subject materials, the court in open court adopted the findings, opinions and conclusions set forth in the subject evaluation, and indicated a written Report and Recommendation as to Defendant's competency would be filed.

The court finds that Defendant does not suffer from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings or substantially impair his ability to assist counsel in his defense, and that his competency is medication dependent.

The court, therefore, **RECOMMENDS** that the District Court Judge conduct a *de novo* review and enter its order regarding the competency of the defendant.

**I FIND** as follows:

(1) that Defendant understands the nature of the supervised release violation(s) alleged and the nature of the violation to which Defendant is admitting;

(2) that Defendant understands the right to a revocation hearing, to persist in denials, to the assistance of counsel, and appointed counsel if necessary at every other stage of the proceedings, to confront and cross-examine adverse witnesses, to testify and present evidence, to compel the attendance of witnesses and the right against compelled self-incrimination;

(3) that Defendant understands the maximum disposition for the supervised release violation, including imprisonment, fine and supervised release, and where applicable, any mandatory minimum penalties; that Defendant understands that the disposition guidelines are advisory, not mandatory, and that the disposition judge may depart from those guidelines;

(4) that Defendant's admission to violating supervised release has been knowingly, intelligently, and voluntarily made and is not the result of force or threats or of promises between the parties;

(5) that Defendant is competent to admit to the supervised release violation;

(6) that Defendant understands that statements under oath may later be used in a prosecution for perjury or false statements;

(7) that the Defendant understands that by admitting to the supervised release violation waives the right to a revocation hearing;

(8) that Defendant is satisfied with the representation provided by defense counsel;

(9) that there is a factual basis for Defendant's admission; and

**I RECOMMEND** that the admission be accepted.

The parties, in open court waived their right to file specific written objections to these recommendations as provided by statute and the Federal Rules of Civil Procedure, and agreed that the Court may rule without argument or briefing. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment

**IT IS ORDERED** that no more than ten (10) character letters shall be submitted by defense counsel in criminal cases, unless otherwise ordered by the court.

DATED this 3rd day of June, 2019.

Michelle H. Burns
United States Magistrate Judge

- 3 -